United States District Court
Southern District of Texas
**ENTERED**
October 20, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNY DEWAYNE LEWIS, (TDCJ #2070384) | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:20-cv-3277 |
| BRYAN COLLIER, *et al.*, | § § § | |
| Defendants. | § § | |

**ORDER OF DISMISSAL**

Plaintiff Johnny Dewayne Lewis, a Texas state inmate, has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. Representing himself, Lewis sues Bryan Collier, Executive Director of the Texas Department of Criminal Justice (TDCJ), as well as several TDCJ employees at the Ellis Unit. Lewis alleges that the defendants have deprived him of his personal property, including his wedding ring and commissary items. He seeks the return of his property and reimbursement of court costs. Lewis also moves for leave to proceed *in forma pauperis*. After reviewing the pleadings and Lewis's litigation history, the Court denies him leave to proceed without prepaying the filing fee and dismisses this case. The reasons are explained below.

Lewis's complaint is governed by the Prison Litigation Reform Act (PLRA), which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding without prepayment of the filing fee. *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Under the "three-strikes" rule established by the PLRA, a prisoner is not allowed to bring

a civil action without prepayment of the filing fee in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Adepegba*, 103 F.3d at 385. To fit within the exception, a prisoner must demonstrate that imminent danger of serious physical injury exists at the time he seeks to file his complaint. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). The threat of harm must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330–31 (7th Cir. 2003) (citation omitted). Unsupported or conclusory claims of imminent danger are insufficient to satisfy the exception found in § 1915(g). *See id.* at 331; *see also McClure v. Livingston*, No. 5:12-cv-256, 2012 WL 5987408, at *2 (E.D. Tex. Nov. 29, 2012) ("The mere recitation of the phase 'imminent danger' or 'my life is in danger' does not invoke the exception to Section 1915(g).").

Lewis is a "three-strikes" inmate who is barred under § 1915(g) from proceeding without prepaying the filing fee. *See, e.g., Lewis v. Herod*, Civil No. 1:09-cv-0067 (N.D. Tex. April 30, 2009 (dismissed as frivolous and for failure to state a claim); *Lewis v. Herod*, 364 F. App'x 75, 76, 2010 WL 444406, at *1 (5th Cir. Feb. 2, 2010) (per curiam) (dismissing Appeal No. 09-10706 as frivolous); *Lewis v. Thaler*, Civil No. 4:09-cv-0508, 2009 WL 10702964, at *3 (N.D. Tex. Sept. 14, 2009) (dismissed for failure to state a claim); *see also Lewis v. Warden, Ellis Unit*, Civil No. 4:20-cv-1809 (S.D. Tex. June 9, 2020) (dismissed without prejudice under § 1915(g)). Lewis's complaint does not demonstrate that he is in imminent danger of serious physical harm or that he otherwise

fits within the exception to the three-strikes rule found in § 1915(g). He may not proceed without prepaying the filing fee.

Accordingly, the Court **ORDERS** as follows:

1. Lewis's motion to proceed *in forma pauperis*, (Dkt. No. 5), is **DENIED**.

2. The lawsuit is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(g). Lewis may move to reinstate this case upon payment of the full $400.00 filing fee within 30 days from the date of this dismissal.

3. Any remaining pending motions are **DENIED AS MOOT**.

**The Clerk will provide a copy of this order to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas, on October 20, 2020.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE